UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LAMONT GENTRY FALLS,                                Civil No. 08-4803 (JMR/FLN)

        Petitioner,

    v.                                                                   **REPORT AND**
                                              **RECOMMENDATION**

DWIGHT L. FONDREN, Warden,

        Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

In 1994, Petitioner was indicted in the United States District Court for the Southern District of Iowa for allegedly violating federal drug laws. In 1996, a jury found him guilty of several offenses involving possession and distribution of cocaine. He was sentenced to 262 months in prison, to be followed by ten years of supervised release, and he is presently

---

[1]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal. The Eighth Circuit Court of Appeals denied Petitioner's claims, and affirmed his conviction and sentence. United States v. Falls, 117 F.3d 1075 (8th Cir. 1997), cert. denied, 522 U.S. 1130 (1998).

Petitioner later filed a motion in the trial court, seeking post-conviction relief under 28 U.S.C. § 2255. That motion was denied, and the Eighth Circuit Court of Appeals later denied Petitioner's request for a certificate of appealability.   (See 28 U.S.C. § 2253(c)(1)(B).) The Court of Appeals also denied Petitioner's request for an order directing the trial court to consider whether he was entitled to relief under the Supreme Court's then new decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). United States v. Falls, No. 00-2456 (8th Cir. 2000), 2000 WL 1610733, (unpublished opinion) at *1 (noting that "an Apprendi claim is unavailable in a second or successive § 2255 motion because the Supreme Court has not made the constitutional rule announced in Apprendi applicable to cases on collateral review"), cert. denied, 534 U.S. 871 (2001).

Petitioner has now filed a habeas corpus petition under 28 U.S.C. § 2241, which again challenges his 1996 Iowa federal criminal conviction and sentence. He claims that his conviction and sentence are invalid, because the grand jury indictment that precipitated his criminal prosecution did not identify any specific quantity of cocaine, and the jury that convicted him did not make a specific finding on the quantity of cocaine involved in his offenses.

Petitioner's current habeas corpus claims purportedly are based on the Eighth

2

Circuit Court of Appeals' decision in <u>United States v. Sheppard</u>, 219 F.3d 766 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1200 (2001).   In <u>Sheppard</u>, the Court of Appeals acknowledged that the Supreme Court dramatically altered existing Eighth Circuit case law by holding, in <u>Apprendi</u>, that:

> "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

219 F.3d at 768, quoting <u>Apprendi</u>, 530 U.S. at 490.

Petitioner contends that <u>Sheppard</u> established a new set of sentencing rules.  He further contends that, according to those new rules, his sentence is invalid, because it was based on a factual determination, regarding the quantity of cocaine involved in his criminal offense, which was made by the trial court judge based on the preponderance of the evidence, and not by a jury based on the "beyond a reasonable doubt" standard.

In sum, Petitioner claims that his sentence must be set aside, pursuant to <u>Sheppard</u>, because (a) the grand jury indictment in his case did not specify how much cocaine was involved in the charged offenses, and (b) the petit jury was not required to determine how much cocaine was involved in the crimes for which he was convicted.  However, the Court finds, for the reasons discussed below, that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition, and that this case must be summarily dismissed for lack of jurisdiction.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1147 (2005).

Section 2255(e) provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" <u>DeSimone v. Lacy</u>, 805 F.2d 321, 323 (8th Cir. 1986) (<u>per</u> <u>curiam</u>), quoting 28 U.S.C. § 2255. <u>See</u> <u>also</u> <u>Von Ludwitz v. Ralston</u>, 716 F.2d 528, 529 (8th Cir. 1983) (<u>per</u> <u>curiam</u>) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (<u>Abdullah</u>, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his 1996 federal criminal conviction and sentence in the Southern District of Iowa. He claims that his conviction and sentence should be vacated, based on alleged errors during the grand jury proceedings, the trial, and at sentencing. Because Petitioner is directly challenging the

4

validity of his conviction and sentence, his current habeas corpus petition is barred by §
2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule
can simply be construed to be a motion brought under § 2255.  The matter can then be
transferred to the trial court judge so the prisoner's claims can be addressed on the merits
there.  Here, however, Petitioner is precluded from seeking relief under § 2255, because
he has already sought such relief once before.  Any new request for § 2255 relief that might
now come before the trial court would have to be treated as a "second or successive" §
2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"),
could not be entertained by the trial court without the prior approval of the Circuit Court of
Appeals for the circuit where Petitioner was convicted.  28 U.S.C. §§ 2244(b)(3) and
2255(h).

Without a pre-authorization order from the appropriate circuit court, a trial court
cannot exercise jurisdiction over a second or successive § 2255 motion.  Nunez v. United
States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th
Cir. 2000), 2000 WL 1610732 (unpublished opinion).  Because the instant Petitioner has
not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the original
trial court could not entertain a new § 2255 motion at this time.  Id.  Therefore, it would not
be appropriate to construe the present habeas corpus petition as a § 2255 motion and
attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It also appears that any § 2255 motion that Petitioner might attempt to bring before
the trial court at this time would be time-barred under the one-year statute of limitations

applicable to § 2255 motions.  28 U.S.C. § 2255(f).  For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it is clear that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute.  He believes that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his conviction and sentence in a § 2241 habeas proceeding, because (a) he is not presently eligible for relief under § 2255, (b) he could not have raised his current claims in his previous § 2255 motion, and (c) he allegedly is "actually innocent."  However, this reasoning must be rejected.

The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.  Congress could not have intended for the procedural limitations on § 2255 motions to be so easily evaded.  Accordingly, the Eighth Circuit Court of Appeals has held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because Petitioner has allowed the one year statute of limitations and/or grace period to expire."  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).  See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more

6

than a procedural barrier to bringing a § 2255 petition"); <u>Abdullah</u>, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); <u>United States ex rel Perez v. Warden, FMC Rochester</u>, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the procedural restrictions that apply to § 2255 motions), <u>cert</u>. <u>denied</u>, 537 U.S. 869 (2002).

The remedy provided by § 2255 "is not inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." <u>Abdullah</u>, 392 F.3d at 963. "A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." <u>In re: Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998).

The Court recognizes that Petitioner's current claims purportedly are based on the Eighth Circuit Court of Appeals' decision in <u>Sheppard</u>, and that <u>Sheppard</u> had not yet been decided when Petitioner filed his direct appeal, or when he filed his § 2255 motion. Petitioner contends that <u>Sheppard</u> effected a material change in the law. He further contends that because <u>Sheppard</u> had not yet been decided when he filed his § 2255 motion, the remedy by § 2255 is "inadequate or ineffective" for his current <u>Sheppard</u> claims, and he should therefore be allowed to challenge his conviction and sentence, based on <u>Sheppard</u>, in a § 2241 habeas corpus petition. This argument fails, however, because the Eighth Circuit Court of Appeals has held, in <u>Perez</u>, <u>supra</u>, that a federal prisoner cannot bring a claim based on <u>Apprendi</u> in a § 2241 habeas corpus petition, even if his conviction

7

and sentence became final on direct appeal before <u>Apprendi</u> was decided.  286 F.3d at

1062 (even though "a federal prisoner may never ventilate an <u>Apprendi</u> issue in a § 2255

motion," § 2255 is not considered to be an inadequate or ineffective remedy for such

claims, and, therefore, federal prisoners cannot bring an <u>Apprendi</u> claim under § 2241).

<u>Sheppard</u> itself did <u>not</u> establish any new law.  <u>Sheppard</u> merely recognized the changes

in the law that were effected by <u>Apprendi</u>.  For the same reason that Perez was denied

habeas review, Petitioner here is not entitled to habeas review.  Petitioner's current claims

for relief under <u>Sheppard</u> are no different than Perez's claims for relief under <u>Apprendi</u>.

It is well settled that <u>Apprendi</u> is not retroactively applicable on collateral review.

<u>United States v. Moss</u>, 252 F.3d 993, 997 (8th Cir.2001), <u>cert</u>. <u>denied</u>, 534 U.S. 1097

(2002); <u>Hines v. United States</u>, 282 F.3d 1002, 1004 (8th Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 900

(2002).  Furthermore,

> The Court of Appeals explained its ruling in <u>Perez</u> as follows:

> "[Appellants] contend § 2255 is inadequate or ineffective because it is the
> impediment to the relief they seek.  But this is not so.  Their true impediment
> is <u>Apprendi</u> itself, <u>not the remedy by § 2255 motion</u>.  To be more precise,
> appellants are hamstrung because the Supreme Court has not yet ruled (and
> indeed may never rule) that <u>Apprendi</u> applies retroactively to past criminal
> convictions. Neither... [of the appellants] may raise an <u>Apprendi</u> claim in a
> second § 2255 motion unless and until <u>Apprendi</u> applies retroactively."

<u>Id</u>. (emphasis added).  The Court added that –

> "Appellants' attempts to gain relief [under <u>Apprendi</u>] have not been hampered
> by the § 2255 remedy itself.  Rather, they cannot presently obtain relief
> because the constitutional doctrine announced in <u>Apprendi</u> has not been
> made retroactive by the Court."

<u>Id</u>.

The ruling and reasoning of <u>Perez</u> are directly applicable here.  Petitioner is not

precluded from bringing his current <u>Sheppard</u> – i.e., <u>Apprendi</u> – claims under § 2255 because the remedy provided by that statute is inadequate or ineffective; but rather, Petitioner cannot bring his claims under § 2255 because <u>Sheppard</u> – like <u>Apprendi</u> – is not retroactively applicable on collateral review.  As explained in <u>Perez</u>, it is the absence of retroactive applicability – not any deficiency in the remedy provided by § 2255 – that precludes Petitioner from raising <u>Apprendi</u> or <u>Sheppard</u> claims in a § 2255 motion.

The Court of Appeals reiterated this point in <u>Perez</u>, by stating:

> "§ 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively...[; but rather it is] the new constitutional doctrine's non-retroactivity... [that] prevents the federal prisoner from correcting his sentence.  Of course, that impediment cannot be charged to the § 2255 remedy."

286 F.3d at 1062.

Thus, even though Petitioner never could have raised his current <u>Sheppard</u>-<u>Apprendi</u> claims in a § 2255 motion, he cannot successfully argue that the remedy provided by § 2255 is inadequate or ineffective for such claims, and that he should therefore be allowed to bring his claims in a § 2241 habeas petition.  Again, it is the non-retroactivity of the new legal rulings, not the inadequacy of the § 2255 remedy, that prevents Petitioner from seeking relief based on <u>Apprendi</u> – or <u>Sheppard</u>.  <u>See</u> <u>Tineo v. LeBlanc</u>, Civil No. 05-318 (ADM/SRN) (D.Minn. 2005), 2005 WL 740520 at *2 ("Petitioner cannot claim, even with respect to his <u>Apprendi</u>,... claims, that the remedy provided by § 2255 is 'inadequate or ineffective'").

Petitioner cannot evade the Court of Appeals' ruling in <u>Perez</u> merely by citing <u>Sheppard</u> instead of <u>Apprendi</u>.  As previously noted, <u>Sheppard</u> is simply a case in which

the Court of Appeals acknowledged the changes wrought by <u>Apprendi</u>.  The legal principles on which Petitioner's current claims are based were established by <u>Apprendi</u>, and merely recognized and reiterated in <u>Sheppard</u>.   Therefore, <u>Perez</u> is fully applicable here, even though Petitioner has attempted to circumvent that case, by citing <u>Sheppard</u>, rather than <u>Apprendi</u>, to support his claims.

Finally, Petitioner contends that he should be allowed to bring his current claims in a § 2241 habeas petition, because <u>Sheppard</u> supposedly causes him to be "actually innocent."  This argument must also be rejected.  <u>Sheppard</u> and <u>Apprendi</u> did not affect the substantive law under which Petitioner was convicted and sentenced; those cases merely changed the <u>procedures</u> to be used for determining sentences.  Petitioner has not shown that he did not commit the acts for which he was convicted and sentenced.  Nor has he shown that those acts were somehow decriminalized by <u>Sheppard</u>.  Again, <u>Sheppard</u> and <u>Apprendi</u> only changed the constitutional standards and procedures for determining a convicted criminal's sentence; those cases did not cause Petitioner to be "actually innocent" of the crimes for which he was convicted, or the sentence that he received.

## III.   CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his 1996 Iowa federal criminal conviction and sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by reason of the restrictions on successive petitions, and the applicable one-year statute of limitations; and (4) Petitioner's present inability to seek relief under § 2255

does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.  Furthermore, Petitioner cannot evade the exclusive remedy rule merely by citing <u>Sheppard</u>, rather than <u>Apprendi</u>, in support of his claims, and neither of those cases causes Petitioner to be "actually innocent."

Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction.  <u>See</u> <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); <u>Abdullah</u>, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.

Dated: August __28 2008

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 17, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.